

Anne McKenna <anne@toomeymckennalaw.com>

---

# RE: New Complaint: Stein v. American Express et al.
1 message

---

**Joseph A. Hennessey, Esq. <JHennessey@bghllp.com>**　　　　　　　　　Thu, Jul 14, 2011 at 11:32 AM
To: "Joseph A. Hennessey, Esq." <JHennessey@bghllp.com>, panzerd@gtlaw.com
Cc: "Newman, Stephen J." <snewman@stroock.com>, "Yoo, Jason S." <jsyoo@stroock.com>, Anne McKenna <anne@toomeymckennalaw.com>, gunng@gtlaw.com, laurelloj@gtlaw.com, smithkar@gtlaw.com

Mr. Panzer,


I have not heard from you as requested.  I just called and left a voice mail for you.  I am attempting to meet the requirements of Local Rule 7(m) on both my forthcoming Motion for Remand and Motion for Sanctions and Attorney Fees.  To be clear, because of the frivolous removal and the failure to cite controlling legal authority on this issue, I will seek monetary and non-monetary sanctions. The non-monetary sanction I will likely request is a Order banning Greenberg Trauig from appearing on behalf of American Express in this case or the pending *Aneke* action and a Court Order banning Stroock & Stroock & Lavan, LLP from making an appearance *pro hac vice* in the United States District Court for the District of Columbia on behalf of American Express.  Again, my hope is that you will withdraw your Removal and return this case to the District of Columbia Superior Court.  With kind regards and the hope that you will return my email and voicemail, I am


Sincerely yours,


Joe Hennessey

---

**From:** Joseph A. Hennessey, Esq. [mailto:JHennessey@bghllp.com]
**Sent:** Tuesday, July 12, 2011 2:58 PM
**To:** panzerd@gtlaw.com
**Cc:** 'Newman, Stephen J.'; 'Yoo, Jason S.'; 'Anne McKenna'; Joseph Aloysius Hennessey Esq.
**Subject:** FW: New Complaint: Stein v. American Express et al.


Mr. Panzer,


You have signed pleadings submitted to the United States District Court for the District of Columbia removing *Kunu v. American Express et al.* from the District of Columbia Superior Court.  Attached is notice provided to the law firm Strook & Strook that were it to attempt a removal, the decisional law in *Breakman v. America Online* (not cited as adverse authority in your Removal Notice) weighs decidedly against federal jurisdiction.  If you have not reviewed *Breakman* already, please do so now.  My hope is that you will voluntarily withdraw your removal thereby avoiding a contentious issue of

whether you and Greenberg Traurig, LLP should be subjected to sanctions and whether my attorney fees should be paid by your client in the face of  1) a frivolous filing and  2) failure to cite controlling adverse authority.   The pleasure of a response is requested.

With kind regards,

Joe Hennessey

Beins, Goldberg & Hennessey, LLP

2 Wisconsin Circle, Suite 700

Chevy Chase, MD  20815

(301) 351-5614

(240) 235-5038 (f)

JHennessey@bghllp.com

http://www.bghllp.com

====================================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Joseph A. Hennessey, Esq. [mailto:JHennessey@bghllp.com]
**Sent:** Thursday, June 30, 2011 4:09 PM
**To:** 'Yoo, Jason S.'
**Cc:** snewman@stroock.com; 'Anne McKenna'; Joseph Aloysius Hennessey Esq.
**Subject:** New Complaint: Stein v. American Express et al.

Jason,

Jeffery Stein filed suit against American Express today in DC Superior Court.  The complaint is on its way to AmEx's registered agents in DC and CA.  I attach a courtesy copy for your review.  *Stein v.*

*American Express et al.* will serve as the companion suit to *Kunu v. American Express et al*. As you will note from your review of the Amended Complaint in *Kunu*, that case has been stripped of all of its class claims. *Kunu* brings representative (though not class action) claims on behalf of the general public of Washington, DC. As such, and through the United States District Court for the District of Columbia's analysis in *Breakman v. AOL* (which we discussed on the phone last Thursday), *Kunu* will not survive removal to the United States District Court because the individual claims brought in *Kunu* cannot be aggregated to meet the federal amount in controversy jurisdictional threshold. Our intention is to have *Kunu* remain in the DC Superior Court so that a DC judge – institutionally better positioned than a federal judge – can make determinations about DC law. Given the amendments to the *Kunu* complaint, I cannot see a rationale by which the U.S. District Court for the District of Columbia can assume jurisdiction. That said, I would consider any effort at removing *Kunu* to be in bad faith. Please inform your client that if you remove to the USDCDC in the face of the *Kunu* amendments and the analysis of *Breakman*, I will move for attorneys fees and sanctions (including but not limited to non-monetary sanctions).

With respect to *Stein*, it makes little sense to litigate the same issues before two different judges in the DC Superior Court. Thus, I will move to stay *Stein* pending the disposition of *Kunu*. I assume and hope that you will join me in that request to stay and I can submit the motion on a consent basis.

Also, as indicated in my conversation with you, the *Pickman* complaint will likely be amended – so, you might want to hold off on formally responding until you receive that amended complaint.

With respect to hearing that is scheduled in *Pickman* on July 18th, I am hoping that you will submit a consent to the designation of the case as a complex case. Placement on the complex case calendar (though more pricey from the get go), will avoid the relatively arcane issues of *Pickman* being sandwiched between a serial murder and slip and fall cases that might also be docketed for a judge on the non-complex calendar. Let me know your thoughts on this.

Please note that Anne T. McKenna has entered her appearance in the *Kunu* matter and will be entering her appearance in the *Stein* matter on behalf of Plaintiffs. See:
http://www.toomeymckennalaw.com

Good talking to you yesterday. Call me if you have any questions.

Sincerely yours,

Joe Hennessey

**From:** Yoo, Jason S. [mailto:jsyoo@stroock.com]
**Sent:** Thursday, June 23, 2011 7:20 PM
**To:** 'jhennessey@bghllp.com'
**Subject:** Pickman/Aneke/Kunu

Dear Joe:

Pursuant to today's phone call, this confirms that you will be filing amended complaints in the Aneke and Kunu matters before our responses are due. If, for any reason, the amended complaints are not filed, then you have agreed to grant us a reasonable extension of time in which to respond to both complaints.

Please confirm by way of response to this email.

Jason S. Yoo

Stroock & Stroock & Lavan LLP

2029 Century Park East

Los Angeles, California 90067

Tel: (310) 556-5970

Fax: (310) 407-6470

---

IRS Circular 230
Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.