UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 11-1384 (GK) |
| : | |
| AMERICAN EXPRESS TRAVEL : | |
| RELATED SERVICES, *et al.*, : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION

Plaintiffs have filed a Motion for Remand and Award of Costs. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, and for the reasons set forth herein, the Court concludes that the Motion should be **granted.**

**I.     PROCEDURAL BACKGROUND**

On June 30, 2011, Plaintiff Jeffrey Stein ("Stein") filed a Complaint in the Superior Court for the District of Columbia against various American Express corporate Defendants. On July 19, 2011, Plaintiff filed a First Amended Complaint ("FAC") in Superior Court and added Amavi Kunu as an additional Plaintiff. Both Plaintiffs filed as private attorney generals. The FAC contained seven counts alleging violations by the Defendants of the D.C. Consumer Protection Procedures Act, D.C. Code 28-3901 (the "DCCPA" or the "Act"). On July 29, 2011, Defendants removed this law suit to the Federal District Court for the District of Columbia. Plaintiffs now challenge that removal and move for a remand back to the Superior Court of the District of Columbia.

## II.  ANALYSIS

### A.  General Principles of Law

The general law on removal and remand is well established.  Under 28 U.S.C. § 1441(a), a Defendant may remove any civil action filed in a state court to the appropriate federal district court so long as that court has "original jurisdiction."  When a plaintiff seeks to remand to state court a case that was removed to federal court, the "party opposing remand bears the burden of establishing that subject matter jurisdiction exists in federal court."  Int'l. Union of Bricklayers and Allied Craftworkers v. Ins. Co. of the West, 366 F. Supp. 2d 33, 37 (D.D.C. 2005).

Under our federal system, "federal courts are courts of limited jurisdiction."  Int'l. Union, 366 F. Supp. 2d at 36; St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 282, 288 (1938).  Indeed, "the law presumes that 'a cause lies outside of the court's limited jurisdiction.'"  Julien v. CCA of Tennessee, Inc., 268 F. Supp. 2d 19, 21 (D.D.C. 2003), citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Because of the limited jurisdiction of federal courts, any doubts as to whether such federal jurisdiction exists in any given case must be resolved in favor of remand.  See Harding-Wright v. District of Columbia Water and Sewer Authority, 350 F. Supp. 2d 102, 104 (D.D.C. 2005).  See also Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002); Johnson-Brown v. 2200 M Street, LLC, 257 F. Supp.2d 175, 177 (D.D.C. 2003) ("the court must resolve any ambiguities concerning the propriety of removal in favor of remand").  As a consequence, "if federal jurisdiction is doubtful, a remand to state court is necessary."  Dickson v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2003) (*en banc*).  See also Bhagwanani v. Howard University, 355 F. Supp. 2d 294, 297 (D.D.C. 2005).

Finally, the Supreme Court has held that "the presence or absence of federal question jurisdiction is governed by the well pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivit v. Regions Bank of La., 522 U.S. 470, 475 (1998). As a result of this rule, plaintiff becomes "the master of [her] claim . . . [and] may avoid federal jurisdiction by exclusive reliance on state law." NASA Federal Credit Union v. W. Jenkins Plumbing & Heating Co., 607 F. Supp.2d 213, 215 (D.D.C. 2009). As "master of her claim," plaintiff determines whether she is relying upon federal or state law. All of the complaint's well pleaded factual allegations must be considered as true and the court must draw all reasonable inferences from those allegations in the plaintiff's favor. G. Keys PC/Logis NP v. Pope, 630 F. Supp. 2d 13, 16 (D.D.C. 2009). Therefore, the Court now must determine whether, as Defendants argue, on the face of the FAC, there is federal question jurisdiction under § 1331 and/or under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ("CAFA").[1]

---

[1] Defendants make several inappropriate, and obviously unpersuasive, arguments. First, they continually refer to the Plaintiffs' original Complaint filed in Superior Court on June 30, 2011. Plaintiffs properly, and in a timely fashion, exercised their right to amend that Complaint under Superior Court Rules of Civil Procedure. As the master of their claim, their FAC is the document in issue. The original Complaint is, in fact, a nullity, and will not be considered in the Court's analysis of jurisdiction.

Second, Defendants, on a number of different occasions, again inappropriately and unpersuasively, refer to other complaints filed in Superior Court by different plaintiffs under the DCCPA, to complaints filed by other plaintiffs in Superior Court under other statutes, to complaints filed in federal court under a federal statute, and even to complaints filed in other jurisdictions -- such as California state court -- to support their arguments that this Court has federal jurisdiction. This Court is examining this case, this Complaint, and the actions of these Plaintiffs -- reliance upon other lawsuits and purely speculative arguments about the motives of plaintiffs in those lawsuits, is totally inappropriate and of no legal relevance.

(continued...)

**B.    Federal Jurisdiction Under Section 1331**

Defendants argue that there is jurisdiction under Section 1331 because there is a "federal question" stemming from the FAC's references to the Fourth Amendment.

Initially, it is significant that in their First Amended Complaint -- filed before removal to federal court -- Plaintiffs have relied exclusively on D.C. law and have only asserted causes of action under the local DCCPA. Each and every one of Plaintiffs' seven counts against the Defendants allege various violations of only one statute -- the DCCPA. No federal statute is relied on anywhere in the FAC.

Defendants argue that because "the FAC seeks remedies for the deprivation of Fourth Amendment and other federal privacy protections . . . [t]his case cannot be litigated without thorough examination of those federal rights, their scope and the circumstances under which they may lawfully be abrogated. The case is pervaded with federal questions. . . ." Defs.' Opp. at 5-6. This argument ignores the "well pleaded complaint rule," which mandates that a court's basis of jurisdiction,

---

[1](...continued)
Third, Defendants insinuate that one of Plaintiffs' counsel, Ms. McKenna, acted unethically under Rule 3.7 of the D.C. Rules of Professional Conduct when she cited to research contained in a book she co-authored, published by West in 2007, on <u>Wire Tapping & Eavesdropping: Surveillance in the Internet Age</u>. Obviously, the subject matter of that book, at least as stated in its title, is directly related to the allegations in Plaintiffs' Complaint. What is more, there is absolutely no prohibition on counsel citing -- clearly and transparently -- to work they have authored, just as lawyers cite to holdings in cases they have won, and judges cite to prior opinions which they believe relevant to the case under consideration. Accusations of unprofessional conduct are extraordinarily serious, especially in a jurisdiction like ours which has made substantial efforts to encourage greater civility among lawyers. <u>See</u> Legal Principle #5 of the D.C. Bar Voluntary Standards of Civility in Professional Conduct (incorporated by reference into the Rules of the United States District Court for the District of Columbia, at Appendix B, p. 134). The making of such accusations will not be tolerated by the Court.


whether state or federal, must be clearly expressed on the face of the complaint. It also misinterprets, or misstates, the essence of Plaintiffs' FAC.

Plaintiffs have not pled any violation of the Fourth Amendment. Nor do they seek any relief under the Fourth Amendment. Rather, they are alleging deceptive trade practices by American Express, namely, outsourcing the handling of card members' private data to foreign countries, which, in practice, affects the constitutional rights of those members, without giving them any notice or disclosure of the ramifications of that practice. The central issue in Plaintiffs' Complaint is whether the actions they allege are deceptive constitute a violation of the DCCPA -- not whether they constitute a violation of the Fourth Amendment. Federal question jurisdiction does not exist simply because principles of federal law may be considered when determining if and whether defendants violated the DCCPA. See Kormendi/Gardner Partners v. Surplus Acquisition Venture, L.L.C., 606 F. Supp. 2d 114, 117 (D.D.C. 2009).

Consequently, this Court does not have jurisdiction under § 1331.

**C.    Federal Jurisdiction Under CAFA**

Defendants also argue that this Court has federal jurisdiction under CAFA because Plaintiffs are essentially pursuing a "class action." Under 28 U.S.C. § 1441(a), a defendant may remove a case to federal court "[e]xcept as otherwise expressly provided by an act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1453. Under CAFA, a Defendant may remove a class action to federal district court so long as the complaint satisfies the statute's special requirements, and that the action to be removed is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453(a). CAFA also provides that a "mass action" that meets certain requirements is determined to be a removable class

action, but "the term 'mass action' shall not include any civil action in which . . . all of the claims in the action are asserted on behalf of the general public." 28 U.S.C. § 1332(11)(B)(ii)(III). In arguing for jurisdiction, Defendants rely heavily upon the wording of the original Complaint. Knowing full well that the original Complaint is not the document in issue, the best argument they can make under the FAC, the document in issue, is that "for all intents and purposes, the 'representative action' is still a class action in that it seeks the same relief as before [referring to the original Complaint], on behalf of 'individual consumers who are entitled to the payment of damages. . . .'" Defs.' Opp. at 15.

The leading case in our jurisdiction on this subject held that CAFA does not establish an alternative basis for federal jurisdiction because "this representative action is authorized by District of Columbia statute and is a separate and distinct procedural vehicle from a class action." Breakman v. AOL, L.L.C., 545 F. Supp. 2d 96, 101 (D.D.C. 2008). Defendants argue that Breakman is "wrongly decided and should not be followed," Defs.' Opp. at 15; that Breakman is "distinguishable," id., and that Judge Bates, who wrote Breakman, "appeared to confuse" CAFA's terms "mass action" and "class action." Defs.' Opp. at 17.

First, there is no question that Breakman has been widely followed by the courts in this district. See Mistofi v. Network Capital Funding Corp., 2011 WL 2938140 (D.D.C. 2001); National Consumers League v. General Mills, 680 F. Supp. 2d 132, 136 (D.D.C. 2010); In re InPhonic, Inc., 674 F. Supp. 2d 273, 287 n. 15 (D.D.C. 2009); G. Keys PC/Logis NP, 630 F. Supp. 2d at 17.

Second, while the facts in Breakman may have been slightly different from the facts in this case, the plaintiff in that case brought his Complaint under the DCCPA, just as the Plaintiffs have done in this case, and brought his Complaint as a representative private attorney general, just as

Plaintiffs have done in this case.  Thus, in all relevant aspects, the analysis in Breakman is fully applicable to a proper analysis in this case.

Third and finally, this Court is not persuaded that Judge Bates "appeared to have confused" CAFA's two different terms.

### D. Plaintiffs' Request for Award of Costs

Plaintiffs request that the Court require Defendants to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  While imposition of costs and expenses is at the Court's discretion, Weigert v. Georgetown University, 43 F. Supp. 2d 5, 7 (D.D.C. 1992), "if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of removal." Johnson-Brown, 257 F. Supp. 2d at 181.  Given the fact that the applicable case law has been well established, see Breakman and its progeny, cited supra, the fact that Plaintiffs' counsel initiated communications with Defendants' counsel to advise them of the relevant case law, the fact that Plaintiffs filed the FAC as private attorney generals and relied only on the DCCPA, the Court concludes that it is appropriate to grant the request for an award of costs.  Therefore, Defendants shall pay the actual costs incurred by Plaintiffs in challenging the removal.  Burton v. Coburn, 2005 U.S. Dist. LEXIS 4243, 6-7 (D.D.C. 2005); National Consumer League, 680 F. Supp. 2d 132, 141 (D.D.C. 2010).

For all these reasons, the Court **grants** Plaintiffs' Motion for Remand and Award of Costs.


September 23, 2011                    /s/
                                      Gladys Kessler
                                      United States District Judge


**Copies via ECF to all counsel of record**